# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARSON BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-2322-SAC |
| ) | |
| TEXAS ALL RISK GENERAL AGENCY, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court upon the Motion for Leave to Answer Out of Time by Defendants Texas All Risk General Agency, Inc. and Targa Investment Corporation (collectively, "Defendants") (ECF No. 18), filed November 11, 2010. For the reasons stated below, the Court grants the instant motion.

Plaintiff filed its Complaint in this case on June 8, 2010. After being granted an extension of time, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 15, 2010. On October 29, 2010, the Court denied Defendants' motion. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants' respective answers to Plaintiff's Complaint were due fourteen (14) days thereafter, or by November 12, 2010. Due to a calendaring error by defense counsel, Defendants did not file their answers by November 12, 2010. In the instant motion, Defendants seek leave to file their respective answers out of time.

"Extensions [of time] will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."[1] The excusable neglect standard is higher than the good cause standard, which is applied when a motion for extension of time is filed

---

[1] D. Kan. R. 6.1(a).

before the expiration of the time period at issue.[2]

The excusable neglect standard applies here because Defendants filed the instant motion after their respective answers were due.[3] Courts consider four factors to determine excusable neglect: (1) reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[4]

The Court finds Defendants have shown excusable neglect. Here, Defendants appear to be acting in good faith and have not intentionally ignored Plaintiff's claims. They have appeared in the case and have also been litigating a related Texas state court action. Defendants' failure to file their respective answers appears to have been the result of a calendaring error by Defendants' counsel, rather than any bad faith. Further, there does not appear to be any prejudice to Plaintiff. The Court has not entered a Scheduling Order in this case, no discovery has been completed, and no other deadlines would be impacted by the late filing. Defendants have attached to the instant motion their proposed joint answer and counterclaim to Plaintiff's Complaint. Therefore, they do not require any additional time to prepare a responsive pleading. A delay of approximately one week would not impact any judicial proceedings.[5] Although the reason for the delay was within Defense counsel's control, the Court finds this to be an insufficient basis to deny the requested

---

[2] *Sperry v. Werholtz*, No. 04-3125-CM, 2008 WL 941634, at *2 (D. Kan. Apr. 7, 2008).

[3] *See id.* (applying excusable neglect standard when Plaintiff filed a motion to serve discovery out-of-time after the deadline for discovery had passed).

[4] *Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000).

[5] *See Patel v. Reddy*, No. 10-2403-JTM, 2010 WL 4115398, at *1 (D. Kan. Oct. 19, 2010) (indicating that a delay of one month is not a significant delay, would not impact the judicial proceedings, and would not cause any prejudice to plaintiffs).

extension when weighed against the other factors favoring extension.[6]

Counsel for Defendants do not indicate if they contacted Plaintiff's counsel to ascertain whether Plaintiff consents to the instant motion and would withdraw its pending motion for default. In the future, counsel shall comply with D. Kan. R. 6.1(a) before filing any motions for extension of time.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to Answer Out of Time (ECF No. 18) is hereby granted.

**IT IS FURTHER ORDERED** that Defendants shall file their proposed Answer and Counterclaim for Declaratory Judgment (ECF No.18-1 ) as a separate document in this case within three (3) days of this Order.

**IT IS SO ORDERED.**

Dated this 22d day of November, 2010 at Topeka, Kansas.

                                          s/ K. Gary Sebelius
                                          K. Gary Sebelius
                                          U.S. Magistrate Judge

---

[6] *See Mohankumar v. Dunn*, No. 97-1555-WEB, 1999 WL 1253053, at *2 (D. Kan. Dec. 22, 1999) (finding plaintiff had established excusable neglect even though the delay was a result of a clerical error within counsel's control).